```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PLUMBERS LOCAL UNION NO. 24 EMPLOYEE BENEFIT FUNDS, | CIVIL ACTION NO. 05-4512 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| WASHINGTON MECHANICAL CO., |  |
| Defendant. |  |

**THE COURT** having ordered the plaintiff on January 30, 2006, to show cause why the complaint should not be dismissed for the plaintiff's (1) failure to comply with Federal Rule of Civil Procedure ("Rule") 4(m), and (2) lack of prosecution under Local Civil Rule 41.1(a) and Rule 41(b) (dkt. entry no. 2); and it having appeared that the plaintiff had failed to either serve the summons and complaint on the defendant or take any proceedings within 120 days after filing the complaint (id.); and the plaintiff's counsel, in response, having explained that:

> the Summons and Complaint were inadvertently not sent
> to the process server in accordance with usual
> procedures maintained by this office.  The Summons and
> Complaint were faxed to Guaranteed Subpoena Service on
> this date

(dkt. entry no. 3, 2-1-06 Borg Aff., at 1-2); and the Court, in an order entered March 2, 2006 ("First March 2006 Order"), having (1) vacated the order to show cause, and (2) ordered the plaintiff to comply with Rule 4(m) — including filing proof of

compliance — by March 22, 2006 (dkt. entry no. 4); and the Court, in the First March 2006 Order, having noted that this was not the first time that the plaintiff's counsel had violated Rule 4(m) (3-2-06 Order, at 1 n.1 (citing <u>IBEW Loc. Union No. 269 Empl. Benefit Funds v. Power & Commc'ns</u>, Civil Action No. 04-6236 (MLC)); and

    **THE PLAINTIFF** having submitted a letter and a certification — which were (1) dated March 16, 2006, (2) received by the Court on March 17, 2006, and (3) not electronically filed — seeking an additional sixty-day extension of time to comply with the First March 2006 Order (3-16-06 Borg Letter & Cert.); and the Court, in an order entered March 17, 2006 ("Second March 2006 Order"), having (1) directed the plaintiff to comply with Rule 4(m) by May 22, 2006, and (2) advised the plaintiff that the complaint would be dismissed without further notice if the plaintiff failed to comply (dkt. entry no. 5); and

    **THE PLAINTIFF** now having failed to comply with Rule 4(m), even though (1) the Court has expended judicial resources seeking compliance over the course of four months, and (2) the time to comply with the Second March 2006 Order expired two days ago; and the Court, as required, having notified the plaintiff of the intention to dismiss the complaint, see <u>Liu v. Oriental Buffet</u>, 134 Fed.Appx. 544, 547 (3d Cir. 2005); and thus the Court

intending to dismiss the complaint for the plaintiff's failure to comply with Rule 4(m) and the Second March 2006 Order; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                         **MARY L. COOPER**
                                         United States District Judge